UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY WHITAKER,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>              Defendant. | Case No. EDCV 10-1240 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On August 27, 2010, plaintiff Wendy Whitaker ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 2, 2010 Case Management Order, ¶ 5.
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed to pose a complete hypothetical to the vocational expert at step five of the sequential evaluation analysis.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 21, 2007, plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 143, 148). Plaintiff asserted that she became disabled on March 17, 2006, due to diabetes, neuropathy, bursitis, tendinitis, and carpal tunnel syndrome and because she was bi-polar. (AR 181). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a lay witness and a vocational expert on December 2, 2008. (AR 9, 59).

On April 29, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 9, 19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: a mood disorder not otherwise specified, Type 1 diabetes mellitus, right shoulder impingement syndrome, and carpal tunnel syndrome (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 12); (3) plaintiff retained the residual functional capacity to perform sedentary work[1] with certain exertional and nonexertional limitations[2]

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a); 416.967(a).

[2] The ALJ determined that plaintiff (i) could perform sedentary work; (ii) could occasionally climb, balance, stoop, kneel and crouch; (iii) could not crawl or do forceful

(continued...)

(AR 12-13); (4) plaintiff could not perform her past relevant work (AR 17); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically systems surveillance monitor (Dictionary of Occupational Titles ("DOT") § 379.367-010), and telephone operator (DOT § 235.662-022) (AR 18); and (6) plaintiff's allegations regarding her limitations were not credible (AR 13).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.　APPLICABLE LEGAL STANDARDS

### A.　Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)　Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///

---

[2](...continued)
gripping; (iv) could occasionally reach above shoulder level; (v) should not work at heights or around dangerous, moving machinery (due to plaintiff's history of altered consciousness); (vi) should avoid extreme temperature changes; and (vii) could not perform fast-paced work (*i.e.*, conveyor belt or piece work). (AR 12-13).

|   |     |                                                                      |
|---|-----|----------------------------------------------------------------------|
| (2) | | Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three. |
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ erroneously omitted from his hypothetical question to the vocational expert functional limitations that the ALJ himself essentially adopted. The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Background

On February 5, 2009, Dr. Gabriel T. Fabella, a state-agency examining physician, performed a complete internal medicine evaluation of plaintiff which included a physical examination. (AR 680-84). Based on his examination of plaintiff, Dr. Fabella opined, *inter alia*, that plaintiff's right hand was limited to only occasional reaching (overhead *and* in all directions), handling, fingering, feeling, and pushing/pulling, and that plaintiff's "[r]epetitive handling" ability was impaired bilaterally due to carpal tunnel syndrome. (AR 684, 687). In his decision, the ALJ discussed at length Dr. Fabella's findings from plaintiff's internal medicine evaluation and gave "great weight" to the examining physician's opinions as to plaintiff's functional limitations. (AR 15-16). The ALJ specifically noted Dr. Fabella's opinions that plaintiff "would have a hard time reaching overhead using the right arm because of the frozen shoulder," and that plaintiff's

5

"[r]epetitive handling would be impaired because of the bilateral carpal tunnel syndrome." (AR 15).

B. **Pertinent Law**

At step five of the sequential analysis, the Commissioner has the burden to demonstrate that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).

"In order for the testimony of a [vocational expert] to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (citation and internal quotation marks omitted); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .") (emphasis in original; citation omitted). "If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001).

C. **Analysis**

Here, as plaintiff correctly notes, the ALJ did not include in his residual functional capacity assessment or in the hypothetical question posed to the vocational expert most of Dr. Fabella's limitations related to plaintiff's right hand (*i.e.*, occasional reaching in all directions, and occasional handling, fingering,

feeling, and pushing/pulling), and also did not include any limitation on repetitive handling. (AR 12-13, 94-95, 684, 687). Since such limitations were supported by the record, and not rejected by the ALJ,[3] the ALJ was required to include them in his hypothetical question to the vocational expert, and his failure to do so was error. Embrey, 849 F.2d at 422. Therefore, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff was not disabled. Lewis, 236 F.3d at 517-18.

The Court cannot find that the ALJ's error was harmless. The vocational expert testified that the job of telephone operator[4] involves frequent fingering – a requirement that is inconsistent with plaintiff's limitation to occasional fingering. (AR 104). Defendant concedes that plaintiff would be preclude from working as a telephone operator. (Defendant's Motion at 3). As for the job of systems-surveillance monitor, limitations on right-hand pushing/pulling, and on bilateral repetitive handling appear inconsistent with the job's requirements which include pushing and handling.[5] While defendant argues to the contrary, the Court cannot conclude that the vocational expert would have concurred with defendant's position, particularly since the vocational expert appeared hard pressed to identify

---

[3]The ALJ did not reject Dr. Fabella's opinions regarding plaintiff's limitations on the use of her right hand, and, in fact, expressly adopted the doctor's opinion regarding limitation on plaintiff's bilateral repetitive handling. (AR 15-16).

[4]A "telephone operator" is required to, among other things, operate a "cord or cordless switchboard to relay incoming, outgoing, and interoffice calls," push "switch keys on cordless switchboard," plug cords into switchboard jacks, "keep record of calls," "perform clerical duties, such as typing, proofreading, and sorting mail," and "operate system of bells or buzzers." DOT § 235.662-022.

[5]A "surveillance-system monitor" is required to, among other things, "[p]ush[] hold button to maintain surveillance of location where incident is developing," use the telephone to "notify authorities of . . . disruptive activity . . . repair service of equipment malfunctions," and "[a]djust[] monitor controls when required to improve reception." DOT § 379.367-010.

1 any jobs for plaintiff (or a hypothetical person with plaintiff's characteristics)
2 other than the single position of systems-surveillance monitor even without
3 considering the additional limitations imposed by Dr. Fabella.[6] (AR 94-103).
4 Without testimony from the vocational expert that carries any evidentiary value, or
5 any other reliable evidence that plaintiff can adjust to other work that exists in
6 significant numbers in the national economy, defendant cannot satisfy his burden
7 to prove nondisability at step five. Cf. Matthews v. Shalala, 10 F.3d 678, 681 (9th
8 Cir. 1993) (ALJ's failure to include all of claimant's limitations in hypothetical
9 question posed to vocational expert was inconsequential to the ultimate disability
10 determination since, even without testimony from vocational expert, other reliable
11 evidence supported the ALJ's findings at step five of the sequential evaluation
12 analysis) (citation omitted).
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

---

[6]Dr. Fabella conducted his evaluation of plaintiff on February 5, 2009, two months after the administrative hearing in this case. (AR 59, 680). Thus, at the time of the hearing, the ALJ presumably was not aware of Dr. Fabella's opinions as to the additional limitations on plaintiff's bilateral repetitive handling and right hand.

**V.     CONCLUSION**[7]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 23, 2011

                                                  /s/
                                     Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE

---

[7] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[8] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).